UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 1:22-cr-10077-DJC-2 |
| ENGILBERT ULAN<br>    Defendant. | ) ) ) ) | |

## DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF ALLEGED FRAUDULENT MARRIAGE

Pursuant to Fed. R. Evid. 403 and 404(b), the defendant Engilbert Ulan, requests that this Court exclude evidence of Mr. Ulan's alleged fraudulent marriage.

The government alleges that Mr. Ulan entered into a fraudulent marriage in order to obtain Lawful Permanent Resident ("LPR") status. The marriage occurred prior to the start of the alleged conspiracy in the instant case, but the government contends that it is relevant as to Mr. Ulan's knowledge and intent. In addition, the government claims that a co-conspirator assisted Mr. Ulan in petitioning to remove conditions on his LPR status.

"[E]vidence of other acts is not admissible to prove propensity to engage in criminal activity." United States v. Lynn, 856 F.2d 430, 436 (1st Cir. 1988); Lataille v. Ponte, 754 F.2d 33, 35-36 (1st Cir. 1985). Prior to admitting evidence under Rule 404(b), the evidence must pass a two-pronged test. First, this Court must determine "that the proffered evidence has a 'special' relevance and is offered to establish a material issue." Cortijo-Diaz, 875 F.2d at 15; see United States v. Flores Perez, 849 F.2d 1 (1st Cir. 1988) (the judge must determine whether the evidence has some "special probative" value that would show intent, preparation, knowledge or absence of mistake). Second, even evidence that is relevant must still be excluded under Rule 403 if "its probative value is substantially outweighed by the danger of unfair prejudice." United States v. Varoudikas, 233 F.3d 113, 118 (1st Cir. 2000).

Here, where the entire case against Mr. Ulan is that he allegedly worked with several others to arrange fraudulent marriages, it would be unfairly prejudicial for the jury to hear that he entered into his own fraudulent marriage prior to the alleged instant conspiracy. Although the government claims that the intended evidence is relevant to Mr. Ulan's knowledge and intent, the government indicted ten other people in this case,

presumably not all of whom also entered into their own fraudulent marriages. The government has three cooperating witnesses who are expected to testify about the inner workings of the conspiracy; it need not tack on additional bad act evidence to attempt to prove its case. If the jury hears this proposed evidence, it will unfairly prejudice them against Mr. Ulan and prevent him from obtaining a fair trial on the indictment.

## Conclusion

In sum, Mr. Ulan respectfully requests that the instant motion be allowed.

Respectfully Submitted  
For the Defendant,  
Engilbert Ulan,  

_____  
Joseph B. Simons, Esq.  
Simons Law Office  
10 Post Office Square, Suite 800  
Boston, MA  02109  
(617) 544-9000  
MA BBO #684030

Dated: November 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 17, 2023.

_____
Joseph B. Simons